THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID HILL, Appellant. [885 NYS2d 690]—

Appeal from a judgment of the Monroe County Court (John R. Schwartz, A.J.), rendered February 27, 2006. The judgment convicted defendant, upon his plea of guilty, of robbery in the second degree.

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him, upon his plea of guilty, of robbery in the second degree (Penal Law § 160.10 [1]). We reject defendant's contention that County Court failed to apprehend the extent of its discretion in imposing a period of postrelease supervision. " 'The court's statement . . . with respect to the imposition of a five-year period of postrelease supervision does not, without more, indicate that the court erroneously believed that it lacked discretion to impose a shorter period' " (*People v Burgess*, 23 AD3d 1095 [2005], *lv denied* 6 NY3d 810 [2006]). We also reject defendant's contention that the period of postrelease supervision imposed was unduly harsh or severe. "Defendant was sentenced in accordance with the plea bargain and should be bound by its terms" (*People v McGovern*, 265 AD2d 881 [1999], *lv denied* 94 NY2d 882 [2000]). Present—Smith, J.P., Fahey, Carni, Pine and Gorski, JJ.

 In the Matter of JOHN GORDON, Petitioner, v HAROLD GRAHAM, Superintendent, Auburn Correctional Facility, et al., Respondents. [886 NYS2d 64]—Proceeding pursuant to CPLR article 78 (transferred to the Appellate Division of the Supreme Court in the Fourth Judicial Department by order of the Supreme Court, Cayuga County [Mark H. Fandrich, A.J.], entered October 14, 2008) to review a determination of respondents. The determination found after a tier II hearing that petitioner had violated an inmate rule.

It is hereby ordered that the determination is unanimously confirmed without costs and the petition is dismissed. Present—Smith, J.P., Fahey, Carni, Pine and Gorski, JJ.